FILED

2013 AUG 15 PM 1:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. CR13-0574 |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 241: Conspiracy Against Rights; 18 U.S.C. § 242: Deprivation of Rights Under Color of Law] |
| ERIC GONZALEZ, SUSSIE AYALA, FERNANDO LUVIANO, PANTAMITR ZUNGGEEMOGE, and NOEL WOMACK, | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.  The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California. Among other things, the LASD was responsible for managing the Los Angeles County Jails. In addition, the LASD operated visiting centers, where individuals were allowed to visit those incarcerated in the Los Angeles County Jails.

2. The Los Angeles County Men's Central Jail ("MCJ") was one of the Los Angeles County Jails and was staffed by LASD personnel, including deputy sheriffs. Deputy sheriffs were responsible for helping to maintain order at and provide security within the MCJ and its visiting center.

3. Defendant ERIC GONZALEZ ("GONZALEZ") was an LASD sergeant who supervised deputies working at the visiting center of the MCJ.

4. Defendant SUSSIE AYALA ("AYALA") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

5. Defendant FERNANDO LUVIANO ("LUVIANO") was an LASD deputy sheriff assigned to work at the MCJ, including at its visiting center, on or about February 26, 2011.

6. Defendant PANTAMITR ZUNGGEEMOGE ("ZUNGGEEMOGE") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

7. Defendant NOEL WOMACK ("WOMACK") was an LASD deputy sheriff assigned to work at the MCJ's visiting center.

8. Visitors generally could not be in the same room as MCJ inmates. Instead, visitors could see MCJ inmates through a glass separator and could speak to MCJ inmates by using a telephone. Visitors, therefore, could not touch MCJ inmates.

9. On or about July 31, 2010, Visitor LF arrived at MCJ to discuss Visitor LF's failed attempt to visit his brother, who was an inmate at a Los Angeles County Jail.

10. On or about February 26, 2011, Visitor GC and Visitor GT arrived at MCJ to visit Visitor GC's brother, who was an inmate at MCJ.

1      11. On or about May 5, 2011, Visitor JT arrived at MCJ to visit his father, who was an inmate at MCJ.

    12. Visitor EF was the Republic of Austria's consul general. As a consular official, Visitor EF was immune from arrest and prosecution based on actions she engaged in that were part of her official duties. On or about June 6, 2011, Visitor EF and her husband, Visitor UF, arrived at the MCJ to visit a citizen of the Republic of Austria who was an inmate at the MCJ.

    13. There introductory allegations are hereby incorporated by reference into each count of this Indictment as though fully set forth therein.

COUNT ONE

[18 U.S.C. § 241]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand jury and continuing to on or about August 24, 2011, in Los Angeles County, within the Central District of California, defendants GONZALEZ, AYALA, ZUNGGEEMOGE, WOMACK, and others known and unknown to the Grand Jury, conspired, and agreed to injure, oppress, threaten, and intimidate persons of the State of California in the free exercise and enjoyment of rights secured to them under the Constitution and laws of the United States, namely:

1. The right to be free from unreasonable searches and seizures, which includes: (a) the right not to be detained or arrested without probable cause; and (b) the right to be free from the use of unreasonable force by law enforcement officers.

2. The right not to be deprived of liberty without due process of law, including the right not to be subject to prosecution based on falsified evidence by one acting under color of law.

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant GONZALEZ would maintain, perpetuate, and foster an atmosphere and environment in the visiting section of the MCJ that encouraged and tolerated abuses of the law, including through the use of unjustified force and unreasonable searches and seizures by deputy sheriffs he supervised.

2. Defendant GONZALEZ would reprimand deputy sheriffs he supervised for not using force on visitors to the MCJ if the visitors had supposedly "disrespected" these deputy sheriffs through the visitors' words or conduct.

3. Defendant GONZALEZ would encourage deputy sheriffs under his command to make unlawful arrests, conduct unreasonable searches and seizures, and engage in excessive force.

4. Defendant GONZALEZ would praise overly-aggressive behavior by deputy sheriffs and criticize deputy sheriffs' behavior that was not aggressive.

5. Defendants AYALA, ZUNGGEEMOGE, and WOMACK would arrest and detain individuals, including Visitor LF, Visitor EF, and Visitor UF, without having probable cause to believe they had committed offenses warranting their arrest or detention.

6. Defendants AYALA, ZUNGGEEMOGE, and WOMACK would use unreasonable force on the individuals they arrested and detained, including Visitor LF, Visitor GC, Visitor JT, Visitor EF, and Visitor UF.

7. Defendants AYALA, ZUNGGEEMOGE, and WOMACK would prepare false and misleading reports in an attempt to show that their arrests were lawful and their uses of force were justified.

8. Defendant GONZALEZ would assist deputies in preparing these reports and would approve these reports knowing they were false.

9. Defendant GONZALEZ would brag to others at the LASD about the excessive use of force by deputies in the visiting center.

10. After defendant GONZALEZ had been transferred out of

the visiting center at the MCJ, defendants AYALA, ZUNGGEEMOGE, and WOMACK would continue to carry out the objects of the conspiracy by making unlawful arrests and using unreasonable force.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants GONZALEZ, AYALA, ZUNGGEEMOGE, and WOMACK, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including but not limited to the following:

### Use of Force on Visitor LF

1. On or about July 31, 2010, defendant WOMACK used unreasonable force while handcuffing and arresting Visitor LF for supposedly resisting an executive officer, disturbing the peace, and trespassing, by forcing Visitor LF's left arm to be placed in a position that caused Visitor LF's arm to be fractured.

2. On or about July 31, 2010, defendant WOMACK took a handcuffed Visitor LF to the deputy break room, which had no windows and was inaccessible to the public.

3. On or about July 31, 2010, defendant WOMACK threw handcuffed Visitor LF against the refrigerator in the break room, which caused Visitor LF to suffer cuts on his nose and face.

4. On or about July 31, 2010, defendants GONZALEZ, AYALA, ZUNGGEEMOGE, and WOMACK attempted to cause Visitor LF to be falsely charged with resisting an executive officer.

5. On or about July 31, 2010, defendants GONZALEZ, AYALA, ZUNGGEEMOGE, and WOMACK caused Visitor LF to be detained, until

approximately August 5, 2010, when Visitor LF was released because no charges were filed against him.

### Use of Force on Visitor GC

6. On or about February 26, 2011, defendant ZUNGGEEMOGE detained and handcuffed Visitor GT on suspicion of possessing a cell phone in the visiting center of the MCJ.

7. On or about February 26, 2011, defendant ZUNGGEEMOGE led Visitor GT to the deputy break room, which had no windows and was inaccessible to the public.

8. On or about February 26, 2011, defendant GONZALEZ instructed defendant ZUNGGEEMOGE to arrest Visitor GC, who was an associate of Visitor GT.

9. On or about February 26, 2011, defendant ZUNGGEEMOGE then handcuffed Visitor GC and led him to the deputy break room where Visitor GT was detained.

10. On or about February 26, 2011, after entering the deputy break room, defendant ZUNGGEEMOGE pushed Visitor GC against the refrigerator, causing a cut on Visitor GC's face.

11. On or about February 26, 2011, defendant ZUNGGEEMOGE shoved Visitor GC's hands, which were handcuffed, behind Visitor GC's back, upwards towards Visitor GC's shoulder blades, which caused Visitor GC pain.

12. On or about February 26, 2011, defendant AYALA guarded Visitor GC and Visitor GT in the deputy break room.

13. On or about February 26, 2011, defendant AYALA radioed other deputies and informed them that Visitor GC had stated that he would be able to defend himself against the deputy sheriffs were he not in handcuffs.

14. On or about February 26, 2011, defendants AYALA, ZUNGGEEMOGE, and WOMACK, along with Deputy Sheriff Fernando Luviano, kicked, punched, and used unreasonable force on Visitor GC.

15. On or about February 26, 2011, defendant GONZALEZ assisted defendants AYALA, ZUNGGEEMOGE, and WOMACK, along with Deputy Sheriff Fernando Luviano and others in their report writing so that all force used that day with relation to Visitor GC and Visitor GT would appear legitimate.

16. On or about February 26, 2011, defendant GONZALEZ approved the false and misleading reports regarding the assault of Visitor GC.

17. On or about February 26, 2011, defendants GONZALEZ, AYALA, ZUNGGEEMOGE, and WOMACK, along with Deputy Sheriff Fernando Luviano, attempted to cause Visitor GC to be falsely charged with assaulting the deputy sheriffs.

18. On or about February 26, 2011, defendant GONZALEZ wrote a false and misleading supervisory use of force report that attempted to show that the force used against Visitor GC was justified.

### Use of Force on Visitor JT

19. On or about May 5, 2011, defendants AYALA and WOMACK arrested Visitor JT in the visiting center at the MCJ while he was walking away from the visiting center.

20. On or about May 5, 2011, defendants ZUNGGEEMOGE and WOMACK led Visitor JT to the deputy break room, which had no windows and was inaccessible to the public.

21. On or about May 5, 2011, defendant ZUNGGEEMOGE grabbed

Visitor JT's neck and forced Visitor JT's head into a refrigerator.

22. On or about May 5, 2011, defendant ZUNGGEEMOGE and other LASD deputy sheriffs threw Visitor JT to the floor.

23. On or about May 5, 2011, defendant ZUNGGEEMOGE used Oleoresin Capsicum spray, also known as pepper spray, on Visitor JT's eyes.

**Unlawful Arrests and Searches of Visitor UF and Visitor EF**

24. On or about June 6, 2011, defendant AYALA detained Visitor UF outside of the MCJ because Visitor UF had walked near the doors going into the visiting center.

25. On or about June 6, 2011, defendant AYALA used force on Visitor UF by placing handcuffs on him without having cause to believe that Visitor UF had committed a crime.

26. On or about June 6, 2011, after Visitor EF had asked to speak to a supervisor because of the arrest of Visitor UF, a co-conspirator deputy sheriff arrested and detained Visitor EF, despite the fact that Visitor EF had committed no crime and would have been immune from prosecution if she had committed a crime.

27. On or about June 6, 2011, a co-conspirator deputy sheriff used unjustified force on Visitor EF by placing handcuffs on her without having probable cause to believe that Visitor EF had committed a crime.

28. On or about June 6, 2011, defendants AYALA and others caused Visitor UF and Visitor EF to be taken to the deputy break room, which had no windows and was inaccessible to the public, despite the fact that they had committed no crime and Visitor EF could not have been prosecuted for any crime she had committed.

29. On or about June 6, 2011, while in the deputy break room, deputy AYALA caused Visitor EF to be searched without having: (a) reasonable suspicion to believe she had a weapon or contraband; or (b) probable cause to believe she had committed a crime.

## COUNT TWO

[18 U.S.C. § 242]

On or about July 31, 2010, in Los Angeles County, within the Central District of California, defendant NOEL WOMACK, then a sworn law enforcement officer and deputy sheriff employed by the Los Angeles County Sheriff's Department, while acting under color of law, assaulted Visitor LF, which resulted in bodily injury to Visitor LF, and thereby willfully deprived Visitor LF of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force.

## COUNT THREE

[18 U.S.C. § 242]

On or about February 26, 2011, in Los Angeles County, within the Central District of California, defendants ERIC GONZALEZ, PANTAMITR ZUNGGEEMOGE, SUSSIE AYALA, NOEL WOMACK, and FERNANDO LUVIANO, then sworn law enforcement officers employed by the Los Angeles County Sheriff's Department, while acting under color of law, assaulted Visitor GC, which resulted in bodily injury to Visitor GC, and thereby willfully deprived Visitor GC of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force.

## COUNT FOUR

[18 U.S.C. § 242]

On or about May 5, 2011, in Los Angeles County, within the Central District of California, defendant PANTAMITR ZUNGGEEMOGE, then a sworn law enforcement officer and deputy sheriff employed by the Los Angeles County Sheriff's Department, while acting under color of law, assaulted Visitor JT, which resulted in bodily injury to Visitor JT, and thereby willfully deprived Visitor JT of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable searches and seizures, which includes the right to be free from the use of unreasonable force.

## COUNT FIVE

[18 U.S.C. § 242]

On or about June 6, 2011, in Los Angeles County, within the Central District of California, defendant SUSSIE AYALA, then a sworn law enforcement officer and deputy sheriff employed by the Los Angeles County Sheriff's Department, while acting under color of law, unlawfully arrested Visitor UF, and thereby willfully deprived Visitor UF of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable searches and seizures.

COUNT SIX

[18 U.S.C. § 242]

On or about June 6, 2011, in Los Angeles County, within the Central District of California, defendant NOEL WOMACK, then a sworn law enforcement officer and deputy sheriff employed by the Los Angeles County Sheriff's Department, while acting under color of law, unlawfully arrested and searched Visitor EF, and thereby willfully deprived Visitor EF of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable searches and seizures.

                    A TRUE BILL

                    /S/
                    _____
                    Foreperson

ANDRÉ BIROTTE, JR.
United States Attorney

/s/ R. E. Dugdale

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section


LIZABETH RHODES
BRANDON FOX
MARGARET CARTER
Assistant United States Attorneys
Public Corruption and Civil Rights Section