ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorneys
Public Corruption and Civil Rights Section         E-FILED: 3/19/14
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/7413
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-574-GHK |
|---|---|
| Plaintiff, | FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT AND ORDER RE: NEXT STATUS CONFERENCE |
| v. | |
| ERIC GONZALEZ, et al., | |
| Defendant. | Next Status Conf. Date: **4/3/14**<br>Next Status Conf. Time: **9:00 a.m.**<br>Speedy Trial Excludable Time<br>Through: **6/16/14** |

On Monday, March 10, 2014, the Court held a status conference in this case.  Assistant United States Attorney Lizabeth A. Rhodes appeared on behalf of the United States.  Defendant Eric Gonzalez was present, represented by Joseph Avrahamy.  Defendant Sussie Ayala was present, represented by Patrick Smith.  Defendant Fernando Luviano was present represented by Vicki Podberesy.  Defendant Pantamitr Zunggeemoge was present represented by Richard Steingard.

Prior to the status conference the parties filed a joint status report indicating their progress as to discovery and any other issues pertinent to the case as of that time.

At the status conference the Court agreed to the proposed status conference in approximately 90 days at which time motions and other matters would be discussed.  The Court also stated that there would be 30 day interim status conferences to learn of counsels' progress and to address any issues that may come up in the meantime.

At the status conference, the Court granted Ms. Podberesy request to withdraw as counsel for Mr. Luviano.  The Court stated that new counsel will be appointed and a status conference as to Mr. Luviano will be set.

The Court set an interim status conference for Thursday, April 3, 2014, at 9:00 a.m.  Moreover, at that time all parties waived excludable time up for the period of March 10, 2014 to April 4, 2014 inclusive.

On March 17, 2014, the parties filed a stipulation in which each of represented the defendants individually and their counsel agreed to excludable time up to June 16, 2014, which the parties estimate will be around the time of the 90 day status conference.

Having considered all of the above, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

**I.  Preliminary Matters**

1. An indictment was filed in this case on August 15, 2013. Defendants Ayala, Luviano, Zungeemoge, and Womack made their first appearances and were arraigned on December 9, 2013.  Defendant Gonzalez made his first appearance and was arraigned on December 13, 2013.  All defendants entered pleas of not guilty to all charges.

1  Trial was set to begin before this Court on January 21, 2014, with a
2  status conference set for January 6, 2014.
3      2.   The protective order and order allowing early production of
4  grand jury material were signed by the Court on January 3, 2014.  On
5  January 6, 2014, discovery consisting of sixteen (16) discs of mixed
6  media material was produced to all counsel present at the status
7  conference.  The same discovery was produced to counsel for defendant
8  Gonzalez on January 8, 2014.
9  **II.   The January 6, 2014 Status Conference and Order**
10     3.   A status conference was held on January 6, 2014.  At that
11 time and because the defendants had not received and therefore had
12 not had time to review the discovery, all defendant's requested
13 additional time to do so.
14     4.   At the January 6, 2014 status conference the Court advised
15 each of the defendants of his or her right to a speedy trial and then
16 asked each individual defendant whether he or she agreed that a
17 continuance was necessary and in his or her best interest.  Each
18 defendant individually answered in the affirmative.  Additionally,
19 all defense counsel agreed that a continuance was in the interests of
20 justice and was necessary to review the discovery and prepare each
21 defendant's case for disposition or trial.
22     5.   Thus, based on the defense attorneys and defendant's
23 agreements on the representations as to the status of discovery, the
24 Court found that the time from and including January 6, 2014, the
25 date the Court vacated the January 21, 2014 trial date, to and
26 including March 10, 2014, the date of the status conference, be
27 excluded from the time within which trial must begin as required by
28 the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., as further time is

necessary to permit defendants the reasonable time necessary for effective preparation of a defense, taking into account the exercise of due diligence as set forth in 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

6. The Court further found that the ends of justice served by vacating the trial date and continuing the case outweigh the interest of the public and the defendants in a trial within the date originally prescribed by the Speedy Trial Act.

**III. The March 10, 2014 Status Conference**

7. On Monday, March 10, 2014, the Court held a status conference in this case. Assistant United States Attorney Lizabeth A. Rhodes appeared on behalf of the United States. Defendant Eric Gonzalez was present with his counsel Joseph Avrahamy. Defendant Sussie Ayala was present with her counsel Patrick Smith. Defendant Fernando Luviano was present with his counsel Vicki Podberesky. Defendant Pantamitr Zunggeemoge was present with his counsel Richard Steingard. Noel Womack was present represented by Matthew Lombard.

8. At the Status Conference the Court noted that the parties had filed a joint status report requesting a further status conference in 90 days.

9. At the March 10, 2014 status conference the Court advised each of the defendants of his or her right to a speedy trial and then asked each individual defendant whether he or she agreed that a continuance was necessary and in his or her best interest. Each defendant individually answered in the affirmative. Additionally, all defense counsel agreed that a continuance was in the interests of justice and was necessary to review the discovery and prepare each defendant's case for disposition or trial.

**IV.   Stipulation to Exclude Time for Approximately Ninety Days**

10.   By stipulation, the parties agreed that additional time is necessary to confer with defendants, conduct an independent investigation of the case, conduct additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

11.   All current defense counsel represented that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.   All defendants, except Luviano, also individually believe that failure to grant the continuance will deny them continuity of counsel and adequate representation, and each has personally signed the stipulation that they have been advised of their rights to a speedy trial and waive their rights to June 16, 2014.

13.   The government does not object to the continuance or findings of fact under the Speedy Trial Act making the time period from March 10, 2014 to June 16, 2014 (approximately 90 days) excludable.

14.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the Government to obtain available witnesses.

15.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 10, 2014 to June 16, 2014, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and

(h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

17. A further status conference is set for **Thursday April 3, 2014 at 9:00 a.m.**

**IT IS SO ORDERED.**

March 19, 2014
DATE

HONORABLE GEORGE H. KING
UNITED STATES DISTRICT CHIEF JUDGE

Presented by:

    /s/
LIZABETH A. RHODES
Assistant United States Attorney

6